

# THE ATTORNEY GENERAL
## OF TEXAS

October 20, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Rene Guerra
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas 78539

Opinion No. JM-812

Re: Disposition of confiscated property by criminal district attorney under article 4476-15

Dear Mr. Guerra:

A number of questions are asked relative to the disposition of confiscated property under article 4476-15, V.T.C.S., as follows:

> 1. Is the Hidalgo County District Attorney authorized by statute to receive confiscated property?

> 2. Is the Hidalgo County District Attorney authorized to supplement the salaries of his assistants, clerical, and investigative staff and to pay for other office related expenses of the District Attorney with confiscated funds and proceeds from the sale of other confiscated property?

> 3. Is the District Attorney authorized by statute to hold confiscated personal property for an indefinite period?

> 4. At what time is a Sheriff's Sale on personal property to take place when the state statute and judgement order is silent as to the date and time of the Sheriff's Sale?

Section 508(f) of article 4476, V.T.C.S., infra, provides for the expenditure of funds forfeited to "an office of a political subdivision of the state authorized to employ peace officers." Under section 41.102 of the Government Code, a prosecuting attorney may employ an investigator. Section 41.101 of the Government Code

includes within the definition of "prosecuting attorney" a county attorney, district attorney, or criminal district attorney. Under article 2.12(5), Texas Code of Criminal Procedure, investigators of the district attorneys', criminal district attorneys' and county attorneys' offices are peace officers. A district court may by judgment entered pursuant to the provisions of article 4476-15 forfeit property to the Hidalgo County District Attorney. Art. 4476-15, §508(f), infra.

With respect to the expenditure of forfeited funds for the purposes outlined in the second question, section 5.08(f) of article 4476-15 provides in pertinent part:

> Except as otherwise provided by this subsection, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state. (Emphasis added.)

Whether a particular expenditure of funds obtained as the result of a forfeiture under article 4476-15 is an expenditure made solely for the investigation of alleged violations of the criminal laws of this state is dependent upon the resolution of a factual issue, a function that is inappropriate to the opinion process.

The third and fourth questions inquire as to the time a sheriff's sale of forfeited property is to take place and how long a district attorney may hold the property. A copy of a judgment furnished us from a district court of Hidalgo County in which items of jewelry were forfeited to the district attorney provides that the forfeiture is to the "Hidalgo County Criminal District Attorney (Investigation Fund), as provided by article 4476-15, Texas Revised Civil Statutes." State v. Five Hundred Dollars and No Cents, No. C-792-87-A, Dist. of Hidalgo County, 92d Judicial Dist. of Texas, April 22, 1987. The judgment of the court did not order retention, delivery or destruction of the property under section 5.08(a) of article 4476-15. Thus, section 5.08(b), (c), (d), (e) and (f) are applicable and provide the manner of its disposition, as follows:

> (b) All other property that has been forfeited, except the money derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act, and except as

provided below, shall be sold at a public auction under the direction of the county sheriff after notice of public auction as provided by law for other sheriff's sales. The proceeds of the sale shall be delivered to the district clerk and shall be disposed of as follows:

(1) to any bona fide lienholder, secured party, or other party holding an interest in the property in the nature of a security interest, to the extent of his interest; and

(2) the balance, if any, after deduction of all storage and court costs, shall be forwarded to the state comptroller and deposited with and used as general funds of the state except as provided by Subsection (f) of this section.

(c) The state or an agency of the state or a political subdivision of the state authorized by law to employ peace officers may maintain, repair, use, and operate for official purposes all property that has been forfeited to it if it is free from any interest of a bona fide lienholder, secured party, or other party who holds an interest in the property in the nature of a security interest. The department or agency receiving the forfeited vehicle may purchase the interest of a bona fide lienholder, secured party, or other party who holds an interest so that the property can be released for use by the department or agency receiving the forfeited vehicle. The department or agency receiving the forfeited vehicle may maintain, repair, use, and operate the property with money appropriated to the department or agency for current operations. If the property is a motor vehicle susceptible of registration under the motor vehicle registration laws of this state, the department or agency receiving the forfeited vehicle is deemed to be the purchaser and the certificate of title shall be issued to it as required by Subsection (e) of this section.

(d) Storage charges on any property accrued while the property is stored at the request of a seizing officer of the department or agency receiving the forfeited vehicle pending the outcome of the forfeiture proceedings shall be paid by the department or agency out of its appropriations if such property after final hearing is not forfeited to the department or agency.

(e) The State Department of Highways and Public Transportation shall issue a certificate of title to any person who purchases property under the provisions of this section when a certificate of title is required under the laws of this state.

(f) All money, securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property and other things of value, and the proceeds from the sale of an item described in this subsection that are forfeited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers shall be deposited in a special fund to be administered by the seizing agencies or office to which they are forfeited. Except as otherwise provided by this subsection, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state. The director of an agency of the state may use not more than 10 percent of the amount credited to the fund for the prevention of drug abuse and for treatment of persons with drug-related problems. The director of an agency or office of a political subdivision that has received funds under this section shall comply with the request of the governing body of the political subdivision to deposit not more than 10 percent of the amount credited to the fund into the treasury of the subdivision. The governing body of the subdivision shall use the funds received for

the prevention of drug abuse and for treat-
ment of persons with drug-related problems.
Nothing in this subsection shall be
construed to decrease the total salaries,
expenses, and allowances which an agency or
office is receiving from other sources at or
from the time this subsection takes effect.
(Emphasis added.)

You state that you presently have two gold bracelets and several rings that have been forfeited to you under judgment of the court. You express the desire to delay turning these items over to the sheriff for public sale until "we have accumulated a sufficient quantity to justify public notice expenses."

As noted in the 4th question and reflected by the copy furnished us, the judgment is silent as to the time when the sheriff will sell the forfeited property at public auction. Nor do we find any statute which provides a specific time the district attorney shall hold such property before it is turned over to the sheriff for sale. However, it is our opinion that a party owning an interest in the forfeited property may compel a partition under chapter 23 of the Texas Property Code, providing for the partition of the interests of joint owners to real and personal property.

Section 5.08(b) of article 4476-15 provides for the sale of forfeited property by the county sheriff after notice of public auction _as provided by law for other sheriff's sales_. Rule 650 of the Texas Rules of Civil Procedure provides for notice of the time and place of the sale of any personal property levied on under execution. It is our opinion that the legislature was referring to the notice requirements of Rule 650 when it made reference to notice being given as provided by law for other sheriff's sales; Rule 650 requires the posting of notice for ten days successively immediately prior to the day of sale at the courthouse door and at the place where the sale is to be made.

### S U M M A R Y

A district court of Hidalgo County may
forfeit property to the Hidalgo County
District Attorney under the provisions of
article 4476-15, V.T.C.S. Expenditures from
forfeited funds may be expended by the

Hidalgo County District Attorney solely for the investigation of any alleged violations of the criminal laws of this state. While we find no statute which provides for a specific time the district attorney may hold forfeited property before turning it over to the sheriff for sale, a party owning an interest in the forfeited property may compel a partition under chapter 23 of the Texas Property Code. After forfeited property is turned over to the sheriff for sale, notice must be given for 10 days successively immediately prior to the day of sale at the courthouse door and at the place where the sale is to be made pursuant to the requirements of Rule 650 of the Texas Rules of Civil Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General